MINUTE ENTRY
ROBY, M.J.
October 30, 2015

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TAMARA MOORE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-2076** |
| **UNITED STATES OF AMERICA AND PATRICK DONAHOE POSTMASTER GENERAL** | **SECTION: "A" (3)** |

### JUDGE KAREN WELLS ROBY, PRESIDING

Law CLERK:       Justin Jack

Appearances:    **John Courtney Wilson** for Plaintiff.
                **Sunni Jones LeBeouf** for Defendants.

### ORDER

On Friday, October 30, 2015, Mr. Wilson and Ms. LeBeouf requested a telephone discovery conference with the Court. The parties stated that their presiding Magistrate Judge was unavailable. A dispute arose during Plaintiff's deposition of Valterana Griffin, who is postmaster of the Gretna, Louisiana, branch of the United States Postal Service and Plaintiff's former supervisor. The issue presented was whether counsel for Plaintiff could hold the deposition of Ms. Griffin open until a list of postal carriers at the Gretna branch from March 2013 to March 2014 was generated by Defendants' computer. Counsels noted that Defendants' computer was generating the list but the time of completion was uncertain.

First, Ms. LeBeouf objected because the two hours for which Mr. Wilson noticed the deposition had elapsed. Consequently, Ms. LeBeouf argued that the deposition had concluded. Second, Ms. LeBeouf objected to Ms. Griffin's deposition being held open until the list was

**MJSTAR: 00:07**

generated. Ms. LeBeouf noted that since that deposition was being held on postal service property, she agreed to allow Ms. Griffin to attempt to generate the list of postal carriers from her computer. However, Ms. LeBeouf objected to Mr. Wilson keeping the deposition opened until the list was generated because the timetable for generating the list was uncertain. Ms. LeBeouf further objected that the list was requested for the first time during Ms. Griffin's deposition and not previously sought through a written, discovery request. Ms. LeBeouf stated that if Mr. Wilson made a discovery request for the list and, if Defendants' computers are ultimately able to generate the list, she would timely respond to the request.

In opposition, Mr. Wilson noted that the matter is a racial discrimination case where the Defendants argue that Plaintiff was fired not because of her skin color but because she had a poor work attendance. Mr. Wilson argued that the list of postal carriers is needed to identify the skin color of employees with a worst attendance record that the Plaintiff. When questioned by the Court, Mr. Wilson stated that he had unasked questions unrelated to the list that he could ask Ms. Griffin while the list was being generated. Mr. Wilson also conceded that he only noticed the deposition for two hours.

In response to Mr. Wilson's opposition, Ms. LeBeouf stated that Mr. Wilson previously represented to her that he had no further questions but nonetheless wanted to continue the deposition until the list was generated. Ms. LeBeouf also restated that the two hours for which the deposition was noticed had elapsed and that she objected to Ms. Griffin being held in limbo until the list was generated.

After considering the arguments of the parties, the Court first found that because Federal Rules of Civil Procedure 30(d)(1) allows depositions by oral examination to proceed for a maximum time of seven hours, Plaintiff's deposition is not limited to the two hours that he set.

2

FED. R. CIV. 30(d)(1). Second, the Court held that once the list is generated Mr. Wilson should follow discovery protocol and send a formal request for the list and, if need be, notice an additional deposition for clarity as to the substance of the list. The Court held that counsel can discuss those issues at a later date and that Ms. Griffin's instant deposition shall not be held in limbo on the possibility of the list being generated. The Court did allow, however, the deposition to proceed to allow Mr. Wilson to ask additional questions he had, so long as the questions did not involve the list of Defendants' postal carriers.

Accordingly,

**IT IS ORDERED** that Defendants' objection is **SUSTAINED** in part and **OVERRULED** in part. Defendants' objection to end the deposition because Plaintiff's allotted two hours elapsed is **OVERRULED**. Defendants' objection to Plaintiff's holding the deposition open until the list is generated is **SUSTAINED**. Thus, the Court allowed the deposition to proceed to allow Mr. Wilson to ask whatever question he has, so long as the questions do not involve the list of Defendants' postal carriers.

New Orleans, Louisiana, this 3rd day of November 2015.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**